IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>    vs.<br><br>ALVARO JIMENEZ-NUNEZ,<br><br>        Defendant.<br>_____/ | CASE NO. CR F 07-0050 LJO<br><br>**ORDER ON MOTION TO MODIFY SENTENCE**<br>(Doc. 58.) |

**INTRODUCTION**

Defendant Alvaro Jimenez-Nunez ("defendant") is a federal prisoner and proceeds pro se to seek to modify his sentence. On June 19, 2012, defendant filed papers which this Court construes to seek relief under 28 U.S.C. § 2255 ("section 2255") based chiefly on his status as an alien, non-United States citizen. This Court considered defendant's papers on the record and denies defendant section 2255 or other requested relief.

**BACKGROUND**

**Plea Agreement And Sentencing**

By a June 4, 2008 plea agreement, defendant voluntarily entered a guilty plea to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). With the plea agreement, defendant "gives up any right he may have to bring a post-conviction attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241

1

attacking his conviction or sentence." Defendant further agreed to "remain bound to fulfill all of the obligations" under the plea agreement "[i]f the Court should impose any sentence up to the maximum established by the statute."

On August 15, 2008, defendant was sentenced to 135 months, and judgment was entered on August 22, 2008.

### Defendant's Motion

On June 19, 2012, defendant filed his papers to modify his sentence based on his status as an alien, which defendant claims "will subject him to a more onerous and harsh conditions, and also will serve more time than a similarly situated defendant that is in fact a U.S. Citizen." Defendant also criticizes his defense counsel's handling of his alienage but the thrust of his claims is his status as an alien.

### DISCUSSION

### Waiver

Defendant waived his right to attack his sentence collaterally, and his papers filed on June 19, 2012 are such an attack.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A knowing and voluntary waiver of the right to collateral review in a negotiated plea agreement is enforceable in federal court. *See United States v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1990); *see also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (recognizing that a knowing and voluntary waiver of the right to bring a collateral attack is enforceable).

A defendant may waive the right to bring a section 2255 petition. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014. "The sole test of a waiver's validity is whether it was made

knowingly and voluntarily." *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000). In determining whether a waiver was knowingly and voluntarily made, courts consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with [FED. R. CRIM. P. 11]." *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000).

Defendant's waiver of his collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. In the plea agreement, defendant agreed to forego "a post-conviction attack on his conviction or his sentence" and specifically by a section 2255 motion. Given such waiver, defendant is precluded to pursue issues which do not relate to performance of his attorney or voluntariness of waiver. *See Escamilla*, 975 F.2d at 571; *Abarca*, 985 F.2d at 1013.

### **Voluntary And Intelligent Plea**

Defendant's voluntary and intelligent plea further bars section 2255 or other requested relief.

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences. . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

With the plea agreement, defendant acknowledged that he was fully aware of the direct consequence of his plea. Thus, under *Brady*, defendant's plea must stand, as his plea was voluntary and intelligent.

///

**Alien Status**

Defendant appears to contend that this Court should reduce his offense level in that as an alien, defendant is subject to treatment different than that afforded citizens.

A court may depart downward if it finds that "there exists an aggravating or mitigating circumstance . . . not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1). Sentencing Guidelines §5K2.0 finds departures from the stated guideline range appropriate when factors "that have not been given adequate consideration by the Commission" are present, or if "in light of the unusual circumstances, the weight attached to that factor under the guidelines is inadequate or excessive." The decision to depart from the relevant guideline is within the sound discretion of the sentencing court. *United States v. Charry Cubillos*, 91 F.3d 1342, 1343 (9th Cir. 1996).

Generally, downward departure is discouraged due to a presumption that the Sentencing Commission, if only implicitly, considered all possible factors. *See, e.g., United States v. Restrepo*, 999 F.2d 640, 644 (2nd Cir. 1993). The U.S. Supreme Court has emphasized that "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guidelines. To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing." *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 2046 (1996).

Defendant appears to contend that he is entitled to a downward departure because as an alien, his sentence is more severe than it would be if he were a United States citizen. Courts have considered effects of alienage on sentencing and agree that a sentencing court should not consider immigration-related consequences that are marginal or collateral to the sentence, including hardship of deportation or ineligibility for release to a half-way house. *See, e.g., United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993) ("collateral consequences from conviction are not a basis for downward departure"); *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990) ("possibility of deportation" is not an appropriate ground for departure).

The Ninth Circuit Court of Appeals has recognized that a downward departure from a stated guideline requires a district court to make findings to consider the "structure and theory" of the

guidelines as a whole, bearing in mind the Commission's expectation that departures based on grounds not mentioned in the Sentencing Guidelines are infrequent. *Charry Cubillos*, 91 F.3d at 1343. A sentencing court must indicate why a departure is so unusual to fall outside the heartland of cases. *Charry Cubillos*, 91 F.3d at 1343.

Further, the Ninth Circuit has held that the threat of deportation is not a factor that the district court may consider for sentencing purposes. *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir.1990) (deportability is not a valid factor for departure because it merely describes the defendant's status, and does not "affect [defendant's] culpability or the seriousness of the offense"); *U.S. v. Lipman*, 133 F.3d 726, 730 (9th Cir. 1998) (a sentencing court cannot downwardly depart based on the fact that a defendant faces future deportation).

Defendant offers nothing to suggest that his sentence falls outside the heartland of cases. Defendant fails to substantiate a sentencing error resulting from his status as an alien or grounds for further downward departure. In fact, defendant notes that he "is not challenging the Court's calculation of his Sentencing Guidelines." Nothing in the record supports that defendant is subject to discrimination or is entitled to his requested relief. Moreover, purported claims as to ineffective assistance of counsel fail with absence of a sentencing error.

**Untimely Section 2255 Motion**

Defendant's claims for relief are susceptible to section 2255(f)'s one-year limitations period, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant untimely seeks section 2255 or other requested relief. His judgment of conviction was finalized on August 22, 2008, nearly four years prior to the June 19, 2012 filing of his papers. Defendant

alleges no government-created impediment to seek section 2255 relief, and none is present. No right newly recognized by the U.S. Supreme Court supports section 2255 relief. Defendant delayed nearly four years to seek requested relief to negate exercise of due diligence to discover facts to support his claim. The one-year limitations period expired prior to defendant's untimely papers. Defendant's untimeliness provides further grounds dismiss all claims raised in his papers, including claims as to his defense counsel's effectiveness.

### Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A COA is improper.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendant section 2255, other relief requested by his papers filed on June 19, 2012, and a COA and DIRECTS the clerk to close any related civil action.

IT IS SO ORDERED.

**Dated:  June 21, 2012**          /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE