# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO JIMENEZ-NUNEZ,<br><br>　　　　　Movant,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | 1:07-cr-00050-LJO<br><br>**ORDER ON SECOND OR SUCESSIVE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br>(Doc. 60) |

## I. INTRODUCTION

Alvaro Jimenez-Nunez ("Mr. Jimenez-Nunez") is a prisoner in federal custody proceeding pro se. Now before the Court is his post-conviction motion to reduce his offense level. For the reasons discussed below, this Court CONSTRUES the motion as a successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence and DISMISSES the motion.

## II. BACKGROUND

Mr. Jimenez-Nunez pled guilty to conspiracy to possess with intent to distribute a controlled substance and aiding and abetting. On August 15, 2008, the Court sentenced him to 135-months imprisonment. Almost four years later, he filed a motion to "modify/correct" his sentence. In his motion, he requested a two level downward departure for cultural assimilation. He also requested the Court to reduce his sentence based on his argument that his status as a non-U.S. citizen would subject him to a longer sentence and make him ineligible for various post-conviction programs. He also raised an ineffective assistance of counsel claim. This Court construed the motion as a § 2255 motion to vacate, set aside, or correct sentence and denied the motion.

Now before the Court is Mr. Jimenez-Nunez's motion to reduce his offense level. Mr. Jimenez-Nunez requests the Court to reduce his offense level two levels pursuant to a memorandum issued by Attorney General Eric Holder.[1] Mr. Jimenez-Nunez requests the Court to "dismiss" his mandatory minimum sentence and award him a two level reduction in offense level because he has no record of violence and has made efforts to rehabilitate himself while incarcerated.

## III. DISCUSSION

The essence of Mr. Jimenez-Nunez's motion is a request to reduce his sentence. Accordingly, the Court construes his motion as a § 2255 motion to vacate, set aside, or correct sentence. This is Mr. Jimenez-Nunez's second § 2255 motion. Before this Court can consider a second or successive § 2255 motion, the movant must receive certification from the appropriate Court of Appeals. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a movant must receive certification from the Court of Appeals prior to filing a second or successive habeas petition in the district court). Nothing in the record indicates that Mr. Jimenez-Nunez has obtained leave from the Ninth Circuit to file a second motion. Thus, this Court lacks jurisdiction to consider the claims raised. *See Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003) (holding that the Court lacked jurisdiction to consider petitioner's second habeas petition because petitioner failed to obtain authorization from the Ninth Circuit).

Additionally, the Court finds that Mr. Jimenez-Nunez has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court further finds that reasonable jurists would not find this Court's assessment of this case debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Accordingly, this Court DECLINES to issue a certificate of appealability.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

---

[1] Mr. Jimenez-Nunez does not identify what memorandum he is referring to. The Court assumes he is referring to the Attorney General's August 12, 2013, memorandum regarding the Department of Justice's ("Department") policy change on charging mandatory minimum sentences and recidivist enhancements in certain drug cases. *Available at* http://www.justice.gov/oip/docs/ag-memo-department-policypon-charging-mandatory-minimum-sentences-recidivist-enhancements-in-certain-drugcases.pdf (last visited March 5, 2014). This memorandum does not help Mr. Jimenez-Nunez because it relates to the Department's charging policy and not the Department's policy regarding post-conviction collateral attacks.

1. CONSTRUES Mr. Jimenez-Nunez's motion as a second or successive § 2255 motion;

2. DISMISSES Mr. Jimenez-Nunez's § 2255 motion for lack of jurisdiction; and

3. DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __March 6, 2014__              ___/s/ Lawrence J. O'Neill___
                                      UNITED STATES DISTRICT JUDGE

4.