# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO JIMENEZ-NUNEZ,<br><br>    Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 1:07-cr-00050-LJO<br><br>**ORDER ON MOTION FOR RECONSIDERATION**<br>(Doc. 62) |

## I. INTRODUCTION

Alvaro Jimenez-Nunez ("Mr. Jimenez-Nunez") is a prisoner in federal custody proceeding pro se. Now before the Court is his motion to reconsider this Court's order denying his post-conviction motion to reduce his offense level which this Court construed as a successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. For the reasons discussed below, this Court DENIES Mr. Jimenez-Nunez's motion.

## II. BACKGROUND

Mr. Jimenez-Nunez pled guilty to conspiracy to possess with intent to distribute a controlled substance and aiding and abetting. On August 15, 2008, the Court sentenced him to 135-months imprisonment. Almost four years later, he filed a motion to "modify/correct" his sentence. This Court construed the motion as a § 2255 motion to vacate, set aside, or correct sentence and denied the motion.

On February 25, 2014, Mr. Jimenez-Nunez filed a motion to reduce his offense level. He requested the Court to "dismiss" his mandatory minimum sentence and award him a two level

reduction in offense level pursuant to a memorandum issued by Attorney General Eric Holder. The Court construed the motion as a successive § 2255 motion and dismissed the motion for lack of jurisdiction.

Now before the Court is Mr. Jimenez-Nunez's motion to reconsider this Court's order dismissing his motion to reduce his offense level. He contends that the Court misconstrued his prior motion as a § 2255 motion when it was actually a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2). In Mr. Jimenez-Nunez's motion for reconsideration, he reiterates his argument that he qualifies for a two level reduction in offense level pursuant to Attorney General Eric Holder's "New Release Law." (Doc. 62, p. 1).

### III. LEGAL STANDARD

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F. Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted, absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see also Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (reconsideration motions must be supported "by a showing of extraordinary circumstances which justify relief"). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." *Id*.

### IV. DISCUSSION

Mr. Jimenez-Nunez requests this Court to reconsider its order because the Court misconstrued his prior motion as a successive § 2255 motion when it was actually a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2). He then reiterates his argument that he qualifies for a two level reduction in offense level pursuant to Attorney General Eric Holder's "New Release Law."

In Mr. Jimenez-Nunez's prior motion he requested the Court to lower his offense level two levels pursuant to a memorandum issued by the Attorney General.  He did not reference 18 U.S.C. § 3582(c)(2) in his motion.  Thus, Mr. Jimenez-Nunez's prior motion was a post-conviction motion to reduce his sentence.  Accordingly, the Court logically concluded that it was a § 2255 motion to vacate, set aside, or correct sentence.

Moreover, even if the Court would have construed Mr. Jimenez-Nunez's prior motion as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), the Court still would have determined that Mr. Jimenez-Nunez is not entitled to relief.  18 U.S.C. § 3582(c)(2) allows the Court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." *Id*.  The Ninth Circuit has established that "a defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013) (internal quotation marks omitted).

The problem with Mr. Jimenez-Nunez's motion is that he fails to identify what amendment to the Sentencing Guidelines reduced his sentencing range.  Mr. Jimenez-Nunez requests a reduction in his offense level pursuant to the "new release law by the Attorney General, Eric Holder" and the Sentencing Commission.  (Doc. 62, p. 1).  However, it is unclear to the Court what law or amendment to the Sentencing Guidelines that Mr. Jimenez-Nunez is referring to.  Accordingly, Mr. Jimenez-Nunez's motion for reconsideration is DENIED.

### V. CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Mr. Mendez's motion for reconsideration. IT IS SO ORDERED.

Dated:   **March 20, 2014**                **/s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28